**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANH MINH DANG,<br><br>　　　　　Petitioner - Appellant,<br><br>　　v.<br><br>G. J. GIURBINO, Warden, Centinela State Prison, Substituted for Sylvia Garcia, Substituted for Acting Warden Stuart Ryan,<br><br>　　　　　Respondent - Appellee. | No. 10-55706<br><br>D.C. No. 2:03-cv-08985-MMM-JWJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted June 2, 2014
Pasadena California

Before: REINHARDT, NOONAN, and MURGUIA, Circuit Judges.

　　Chanh Minh Dang, a California state prisoner, appeals the district court's

denial of his writ of habeas corpus. He was sentenced by a superior court judge of

the state of California to ninety-one years in prison for offenses arising out of his

_____

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

treatment of his girlfriend and her supporters. His acts were criminal. The sentence was gargantuan. Our review is neither of his crimes nor of his sentence, but of the competence of his counsel. In this review, our own competence is sharply circumscribed by Congress.

We review de novo the district court's denial of habeas corpus. *Cavitt v. Cullen*, 728 F.3d 1000, 1004 (9th Cir. 2013). We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

1.      *Ineffective Assistance of Counsel Investigation Claim.*

Conceding that 28 U.S.C. § 2254(d) applies to this claim, Dang alleges that his trial counsel was ineffective for failing to investigate and present an exculpatory witness, Hanh Sarangabany.

We conclude that even if Dang's trial counsel had, in fact, been deficient, there is no reasonable probability that, but for counsel's failure, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Dang has not demonstrated that Sarangabany—who was not present when Dang committed the offenses for which he was convicted—would have "raised a reasonable doubt in jurors' minds as to [Dang's] guilt," *Stanley v. Schriro*, 598 F.3d 612, 619 (9th Cir. 2010), particularly given the substantial testimony implicating Dang.

2

2.      *Ineffective Assistance of Counsel Batson Claim.*

Dang requests an evidentiary hearing to develop the factual basis of his claim that his trial counsel was ineffective for failing to object to the prosecutor's alleged removal of three Asian venire persons in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). For the reasons below, we conclude that the district court did not abuse its discretion in declining to order an evidentiary hearing. *See Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006).

We need not and do not decide Dang's argument that his ineffective assistance of counsel *Batson* claim should be reviewed de novo rather than under the deferential standard of § 2254(d) because, even if § 2254(d) does not apply, an evidentiary hearing is not warranted. First, Dang failed to develop the factual basis for the claim in state court, as § 2254(e)(2) requires. *See Stanley*, 598 F.3d at 624. Neither Dang nor his counsel ever requested the transcript of the voir dire proceedings held in March 1999 even though they had several opportunities to make the request. The record does not support Dang's claim of diligence.

Second, Dang has not made colorable allegations that, if true, would entitle him to relief under *Strickland*. *See Strickland*, 466 U.S. at 694; *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005). In his habeas petition filed with the California Supreme Court, Dang claimed that the prosecutor struck all three Asian

3

venire persons from the panel, and that his attorney did not object. Dang's bare allegation alone does not show a reasonable probability that his trial counsel would have prevailed on a *Batson/Wheeler* objection, at least under the standard applied by California courts at the time. *See Carrera v. Ayers*, 699 F.3d 1104, 1108 (9th Cir. 2012) (en banc).

**AFFIRMED.**